Dante Gabrielle Ransaw appeals from the summary dismissal of his Rule 32, Ala.R.Crim. P., petition attacking his convictions for robbery in the first degree and burglary in the first degree. He was sentenced, as a habitual offender, to two life sentences, the sentences to run consecutively. On September 30, 2002, this Court affirmed his convictions and sentences by unpublished memorandum. In that unpublished memorandum, this Court stated that a claim of ineffective assistance of counsel could not be raised for the first time on appeal and that the proper avenue for pursuing this claim was to file a Rule 32, Ala. R.Crim. P., petition for postconviction relief. Brown v. State,701 So.2d 314, 319-20(Ala.Crim.App. 1997).
Ransaw's claim of ineffective assistance of counsel centers around a collect telephone call made to the victim, purportedly by Ransaw, in which Ransaw confessed to committing the burglary and robbery. He claims that counsel failed to investigate the circumstances surrounding the alleged telephone call; that counsel did not interview the victim and her granddaughter, who answered the telephone and accepted the collect call; and that counsel did not subpoena telephone records, which, Ransaw says, would show that there was no collect call to the victim's residence from the county jail during the time of Ransaw's confinement.
According to Ransaw, the only evidence conclusively linking him to the crime was the testimony of the victim regarding the telephone call allegedly made by Ransaw, and, Ransaw argues had counsel properly investigated and presented evidence that no such call had been made, the victim's credibility would have been called into question and the outcome of the trial probably would have been different.
Ransaw has pleaded his ineffective-assistance-of-trial-counsel claim with sufficient specificity to satisfy his burden under Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P., and this case must be remanded for the trial court to conduct an evidentiary hearing and to make findings of fact on each allegation made by Ransaw in his Rule 32 petition. A due return should be made the this Court within 42 days from the date of this decision.
REMANDED WITH DIRECTIONS.*
BASCHAB and WISE, JJ., concur. *Page 865 
SHAW, J., concurs specially, with opinion.
COBB, J., joins in special writing.
* Note from the reporter of decisions: On May 20, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 24, 2005, that court denied rehearing, without opinion.